Electronically FILED by Superior Court of California, County of Los Angeles on 05/28/2019 01:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
19STCV18364

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LIBERTY INSURANCE UNDERWRITERS, INC.; IRONSHORE INSURANCE
SERVICES LLC; DOES 1-30, INCLUSIV

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LUKASZ GOTTWALD and RENEE KARALIAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*  19STCV18364 |
|---|---|

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT
111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MITCHELL SILBERBERG & KNUPP LLP     (310) 312-2000
JEAN PIERRE NOGUES (SBN 84445), jpn@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120

| DATE: 05/28/2019 | Clerk, by | Romunda Clifton | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

Sherri R. Carter Executive Officer / Clerk of Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Liberty Insurance Underwriters, Inc
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 05/28/2019 01:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
19STCV18364

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Ruth Ann Kwan

1  MITCHELL SILBERBERG & KNUPP LLP
   JEAN PIERRE NOGUES (SBN 84445), jpn@msk.com
2  2049 Century Park East, 18th Floor
   Los Angeles, CA 90067-3120
3  Telephone: (310) 312-2000
   Facsimile: (310) 312-3100
4
   Attorneys for Plaintiffs
5  Lukasz Gottwald and Renee Karalian

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10                         CENTRAL DISTRICT

11  LUKASZ GOTTWALD and RENEE          CASE NO. _____
    KARALIAN,
12                                     **COMPLAINT AND DEMAND FOR**
                Plaintiffs,            **JURY TRIAL**
13
14       v.

15  LIBERTY INSURANCE UNDERWRITERS,
    INC.; IRONSHORE INSURANCE
16  SERVICES LLC; DOES 1-30, INCLUSIVE,

17              Defendants.

18

19       Plaintiffs Lukasz Gottwald ("Gottwald") and Renee Karalian ("Karalian") allege:

20                              **THE PARTIES**

21       1.      Gottwald and Karalian (collectively "Plaintiffs") are and were at all times relevant

22  to this Complaint residents of the State of California.

23       2.      At all times relevant to this Complaint, Core Nutrition LLC ("Core") was a limited

24  liability company with its principal place of business located within Los Angeles County,

25  California.  At times relevant to this Complaint, Gottwald and Karalian were Managers of Core.

26       3.      Plaintiffs are informed and believe and on that basis allege that Liberty Insurance

27  Underwriters Inc. ("Liberty") is a corporation the principal business of which is to issue insurance

28  policies covering various risks.  Plaintiffs are further informed and believe and on that basis allege

Mitchell
Silberberg &
Knupp LLP

───────────────────────────────────────────
                      **COMPLAINT**

1    that Liberty is licensed by the California Department of Insurance and regularly does insurance

2    business in California and within Los Angeles County.

3        4.      Plaintiffs are informed and believe and on that basis allege that Ironshore Insurance

4    Services LLC ("Ironshore") is an insurance company owned by, under common ownership with or

5    otherwise affiliated with Liberty. Plaintiffs are further informed and believe and on that basis

6    allege that Ironshore regularly does business in California and within Los Angeles County, and

7    acts as Liberty's agent in, among other things, handling insurance claims, including the claim

8    described below.

9        5.      Plaintiffs are informed and believe and on that basis allege that Liberty and

10   Ironshore have a unity of interest and ownership such that the separate personalities of the entities

11   cease to exist, and that they are alter egos of one another.

12        6.      The true names and capacities, whether individual, corporate, or otherwise, of

13   defendants named herein as Does 1 through 30, inclusive, are presently unknown to Plaintiffs,

14   who therefore sue them under such fictitious names pursuant to California Code of Civil

15   Procedure section 474. Plaintiffs are informed and believe and on that basis allege, that Does 1

16   through 30 are in some way responsible for or participated in the wrongful conduct alleged herein

17   and are liable to Plaintiffs as alleged herein. Plaintiffs will amend or seek leave to amend the

18   Complaint, if necessary, to allege the true names and capacities of said Doe defendants when the

19   same are ascertained. Liberty, Ironshore and Does 1 through 30 are sometimes hereinafter

20   collectively referred to as "Defendants."

21        7.      Plaintiffs are informed and believe and on that basis allege that at all times relevant

22   to this Complaint, each of the Defendants was the agent of the other Defendants, and, in doing the

23   things alleged in this Complaint, was acting within the course and scope of such agency.

24

25                        **COMMON ALLEGATIONS**

26        8.      Plaintiffs are informed and believe and on that basis allege that in or about April

27   2018, Liberty issued insurance policy PCCB-00178523-04 (the "Policy") to Core in California.

28

1    Plaintiffs are further informed and believe and on that basis allege that the Policy was a renewal of
2    similar policies issued by Liberty to Core in California.

3          9.      Among the claims made coverages provided under the Policy is "Directors,
4    Officers and Company Liability" coverage (the "D&O Coverage"). The D&O Coverage, among
5    other things (a) indemnifies Insured Persons, including current and former Managers of Core,
6    from and against all claims which they may become legally obligated to pay by reason of any
7    claim, unless that claim is specifically excluded under the Policy; and (b) indemnifies Core, where
8    it has in turn indemnified any Insured Person, including current or former Managers of Core, from
9    any claim made against the Insured Person, unless that claim is specifically excluded under the
10   Policy.

11         10.     As former Managers of Core, Plaintiffs, and each of them, are Insured Persons
12   under the Policy.

13         11.     In or about October 2018, Core's Managers agreed to sell Core to Keurig Dr.
14   Pepper. The sale closed in or about November 2018.

15         12.     Thereafter, on or about January 23, 2019, Jacob Hindlin ("Hindlin"), a former
16   investor in Core, filed suit against Plaintiffs in New York (the "Hindlin Action"), contending that
17   he did not receive appropriate compensation for the sale of his units in Core to Kuerig Dr. Pepper,
18   and that Plaintiffs, as Managers of Core, had breached their fiduciary and other duties to Hindlin
19   in failing to pay Hindlin's adequate compensation for his units. A copy of the complaint filed in
20   the Hindlin Action is appended hereto as Exhibit A. Said complaint was served on Plaintiffs on or
21   about February 7, 2019. Plaintiffs deny the allegations against them made in the Hindlin Action.

22         13.     At the time the complaint in the Hindlin Action was served on them, Plaintiffs
23   understood that Core had a policy providing D&O coverage for such suits, but did not have a copy
24   of the Policy. Accordingly, Plaintiffs requested that Core provide them with a copy of the Policy,
25   and also demanded that Core indemnify them from the Hindlin Action and Hindlin's claims as
26   required by Core's Operating Agreement. However, Core did not provide a copy of the Policy
27   until on or about April 4, 2019, and did not respond to Plaintiffs' indemnity demand until on or
28   about April 22, 2019.

Mitchell
Silberberg &
Knupp LLP

1       14.     Although Core did not promptly respond to Plaintiffs, Plaintiffs are informed and

2 believe and on that basis allege that Core tendered the Hindlin Action to Liberty and Ironshore on

3 or about February 14, 2019.

4       15.     On or about April 1, 2019, Ironshore, acting as Liberty's agent, responded to

5 Core's tender and issued a reservation of rights letter to Core. In that letter, Ironshore/Liberty

6 acknowledged their obligation to provide Plaintiffs (and pay for) a defense of the Hindlin Action.

7 However, Ironshore/Liberty reserved its rights to deny indemnity against any judgment in favor of

8 Hindlin on various grounds, at least some of which give rise to a conflict of interest triggering

9 Plaintiffs' right to have independent counsel of their choice defend them in the Hindlin Action

10 under California Civil Code Section 2860 and otherwise. In addition, the letter acknowledged that

11 while Liberty had a duty to defend the Hindlin lawsuit, Plaintiffs had the right under the terms of

12 the Policy to assume their own defense at Liberty's expense with Liberty's consent, which was not

13 to be unreasonably withheld.

14       16.     On or about April 4, 2019, Core forwarded the Ironshore/Liberty reservation of

15 rights letter to counsel for Plaintiffs, Mitchell Silberberg & Knupp LLP ("MSK"), along with the

16 Policy. Shortly thereafter, Ironshore/Liberty contacted MSK, and asked, among other things,

17 whether MSK would be filing an answer on behalf of Plaintiffs the next day, which had been the

18 last day to answer the complaint, but which had previously been extended by agreement of

19 counsel. Subsequently, MSK formally notified Ironshore/Liberty that Plaintiffs had selected MSK

20 to act as their independent counsel both under California Civil Code Section 2860 and under the

21 provisions of the Policy allowing Plaintiffs to assume their own defense to be paid for by Liberty.

22       17.     Ironshore/Liberty thereafter refused to "consent" to MSK acting as counsel for

23 Plaintiffs, citing the fact that MSK had sued Ironshore in another unrelated action as grounds for

24 such refusal. Instead, Ironshore/Liberty demanded that Delaware counsel be selected to defend

25 the Hindlin Action, even though it was pending in New York, and insisted that its panel counsel,

26 Pepper Hamilton LLP, be appointed to defend Plaintiffs.

27

28

Mitchell
Silberberg &
Knupp LLP

**4**

**COMPLAINT**

1      18.     On or about April 22, 2019, Core acknowledged that it was obligated to indemnify

2  Plaintiffs from any liability arising from, and all reasonable legal fees and costs incurred in

3  defending, the Hindlin Action.

4      19.     Plaintiffs thereafter wrote to Ironshore/Liberty explaining that they did not have the

5  right or any legitimate, good faith basis to "withhold consent" to MSK representing Plaintiffs

6  under either Section 2860 or the terms of the Policy, and asked that Ironshore/Liberty reconsider

7  their decision.

8      20.     Thereafter, rather than act in good faith in reconsidering its position,

9  Ironshore/Liberty doubled down and caused its outside counsel to send another letter misstating

10  the facts, the law and the Policy in an attempt to provide a fig leaf for Ironshore/Liberty's bad faith

11  efforts to deny Plaintiffs their choice of independent counsel without justification and in

12  contravention of law and the terms of the Policy.

13

14

**FIRST CAUSE OF ACTION**
**(DECLARATORY RELIEF)**

15      21.     Plaintiffs incorporate herein each and every allegation contained in paragraphs 1

16  through 20, inclusive, above.

17      22.     An actual and substantial controversy has arisen between Plaintiffs and Defendants

18  regarding their respective rights and duties under the Policy.  Specifically, Plaintiffs contend that

19  (a) because of Defendants' reservations of rights and the conflicts they create between Plaintiffs

20  and Defendants, pursuant to California Civil Code Section 2860 and/or under the laws of the other

21  applicable jurisdictions, Plaintiffs are entitled to select independent counsel to defend them in the

22  Hindlin Action and to have Defendants pay the fees and costs incurred in such defense; (b) under

23  the terms of the Policy and/or the indemnity granted by Core, Plaintiffs are entitled to assume their

24  own defense, select their own counsel, and to be indemnified by Defendants for the fees and costs

25  incurred in such defense; (c) Plaintiffs have the right to choose MSK to act as their counsel in the

26  Hindlin Action; and (d) Defendants have no good faith or reasonable basis for denying Plaintiffs

27  their chosen independent counsel to defend the Hindlin Action.  Defendants dispute Plaintiffs'

28

Mitchell
Silberberg &
Knupp LLP

1  contentions, and assert that they have the right to control the defense of the Hindlin Action, to
2  select counsel for that purpose, and to reject MSK as Plaintiff's chosen counsel.

3        23.    A judicial declaration is necessary and appropriate at this time in order to resolve
4  the aforesaid dispute, and so the parties may ascertain their respective rights, duties and
5  obligations. Furthermore inasmuch as the Hindlin Action remains pending and must be defended
6  by Plaintiffs, Plaintiffs are entitled to preliminary relief ordering that Defendants reimburse them
7  for the fees and costs of MSK incurred in defending the Hindlin Action

8        24.    Therefore, Plaintiffs request a judicial determination and declaration that
9  (a) Plaintiffs are entitled to select independent counsel to represent them; (b) Plaintiffs are entitled
10  to assume their own defense under the terms of the Policy; (c) Plaintiffs have properly exercised
11  their rights to assume their defense and choose MSK as their counsel in the Hindlin Action
12  pursuant to Civil Code Section 2860 or other applicable law, and under the terms of the Policy;
13  (d) Defendants have no good faith or reasonable basis for denying Plaintiffs the right to assume
14  their own defense and to select independent counsel pursuant to Civil Code 2860 or other
15  applicable law, and the terms of the Policy; (e) Defendants have no good faith or reasonable basis
16  for rejecting MSK as Plaintiffs' selected counsel in the Hindlin Action; (f) Defendants are
17  obligated to indemnify Plaintiffs and/or Core for the fees and costs incurred in defense of the
18  Hindlin Action by MSK; and (g) Defendants must immediately begin paying for said defense in
19  compliance with their obligations under the Policy and Section 2860 or other applicable law.

20

21                 **SECOND CAUSE OF ACTION**
            **(BREACH OF INSURANCE CONTRACT)**

22        25.    Plaintiffs incorporate herein each and every allegation contained in paragraphs 1
23  through 24, inclusive, above.

24        26.    Defendants' conduct in purporting to deny Plaintiffs their choice of counsel as
25  alleged hereinabove constitutes a breach of Defendants' obligations under the Policy.

26        27.    Further, Plaintiffs have incurred and will continue to incur attorneys' fees and costs
27  in defending the Hindlin Action. Defendants have failed, refused and threatened not to indemnify

Mitchell
Silberberg &
Knupp LLP
28

6
**COMPLAINT**

1  Plaintiffs for the attorneys' fees and costs incurred by them in connection with defense of the

2  Hindlin Action by MSK in further breach of Defendants' obligations under the Policy.

3       28.    Plaintiffs and Core have performed all terms, conditions and covenants to be

4  performed on their part under the Policy, except as such performance is excused or rendered

5  impossible by the acts, omissions and breaches of Defendants and their agents.

6       29.    As a direct and proximate result of the foregoing breaches, Plaintiffs have suffered

7  and will suffer damages in an amount to be proved at trial, but which Plaintiffs are informed and

8  believe and on that basis allege will exceed $25,000.

9

10                          **THIRD CAUSE OF ACTION**
                       **(BREACH OF THE IMPLIED COVENANT OF**
11                      **GOOD FAITH AND FAIR DEALING/BAD FAITH)**

12       30.    Plaintiffs incorporate herein each and every allegation contained in paragraphs 1

13  through 29, inclusive, above.

14       31.    Defendants without justification and in bad faith have denied Plaintiffs' rights and

15  Defendants' obligations under the Policy by, among other things, (a) denying that Plaintiffs have

16  the right to assume their own defense and select independent counsel to defend Plaintiffs in the

17  Hindlin Action; (b) rejecting Plaintiffs' chosen independent counsel, MSK, without substantial

18  justification and in bad faith, and at least in part to punish MSK through Plaintiffs because MSK

19  had the temerity to sue Ironshore in an unrelated matter; and (c) denying Defendants' obligation to

20  reimburse Plaintiffs for the fees and costs incurred by Plaintiffs in defending the Hindlin Action.

21       32.    As a direct and proximate result of the foregoing breaches, Plaintiffs have suffered

22  and will suffer damages in an amount to be proved at trial, but which Plaintiffs are informed and

23  believe and on that basis allege will exceed $25,000.

24       33.    Plaintiffs are informed and believe and on that basis allege that Defendants' actions

25  and breaches as alleged herein were done willfully, maliciously and in conscious disregard of

26  Plaintiffs' rights, and with the intent to annoy, harass or injure Plaintiffs or deprive them of their

27  rights. Therefore, Plaintiffs are entitled to an award of exemplary damages against Defendants,

Mitchell
Silberberg &
Knupp LLP   28

                                    7
                              **COMPLAINT**

1    and each of them, in addition to compensatory damages, to make an example of and punish

2    Defendants.

3        34.    Plaintiffs are informed and believe and on that basis allege that insofar as the fraud,

4    oppression and malice alleged hereinabove was based on the acts and conduct of an agent or

5    employee of Defendants, or either of them, officers, directors or managing agents of Defendants,

6    and each of them, had advance knowledge of, authorized or ratified such acts and conduct.

7

8        **WHEREFORE** Plaintiffs pray for judgment against Defendants, and each of them:

9    A.    On the First Cause of Action, for a declaration of the rights, duties and obligations

10        of the parties, and specifically that:

11        (i)    Plaintiffs are entitled to select independent counsel to represent them in the

12        Hindlin Action;

13        (ii)    Plaintiffs are entitled to assume their own defense under the terms of the

14        Policy;

15        (iii)    Plaintiffs have properly exercised their rights to assume their defense and

16        choose MSK to defend them in the Hindlin Action pursuant to Civil Code Section

17        2860 or other applicable law, and under the terms of the Policy;

18        (iv)    Defendants have no good faith or reasonable basis for denying Plaintiffs the

19        right to assume their own defense and to select independent counsel pursuant to

20        Civil Code 2860 or other applicable law, and the terms of the Policy;

21        (v)    Defendants have no good faith or reasonable basis for rejecting MSK as

22        Plaintiffs' selected counsel in the Hindlin Action;

23        (vi)    Defendants are obligated to indemnify Plaintiffs for the fees and costs

24        incurred in defense of the Hindlin Action by MSK; and

25        (vii)    Defendants must immediately begin reimbursing Plaintiffs for said defense.

26    B.    On the Second and Third Causes of Action, for compensatory damages according

27        to proof;

28    C.    On the Third Cause of Action, for exemplary and punitive damages;

Mitchell
Silberberg &
Knupp LLP

D.  On All Causes of Action:

    (i)     For preliminary relief requiring Defendants to reimburse Plaintiffs for the attorneys' fees and costs they have incurred and will incur in defending the Hindlin Action;

    (ii)    For attorneys' fees and costs in prosecuting this action and securing insurance coverage;

    (iii)   For interest at the legal rate; and

    (iv)   For such other and further relief as the Court determines to be just, equitable and proper.

DATED:  May 28, 2019

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP
JEAN PIERRE NOGUES

By: _____
    Jean Pierre Nogues
    Attorneys for Plaintiffs
    Lukasz Gottwald and Renee Karalian

Mitchell
Silberberg &
Knupp LLP

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demand a trial by jury of all issues so triable in this action.

3

4
       DATED:  May 28, 2019                    Respectfully submitted,
5
                                               MITCHELL SILBERBERG & KNUPP LLP
6                                              JEAN PIERRE NOGUES

7

8                                              By: _____
                                                   Jean-Pierre Nogues
9                                                  Attorneys for Plaintiffs
                                                   Lukasz Gottwald and Renee Karalian
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 01/24/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| JACOB KASHER HINDLIN,<br><br>                   Plaintiff,<br><br>-against-<br><br>LUCASZ GOTTWALD, LAWRENCE J.<br>SPIELMAN and RENEE KARALIAN,<br><br>                  Defendants. | Index No.:<br><br>**SUMMONS**<br><br>Plaintiff designates New York<br>County as the place of trial.<br><br>The basis of the venue<br>is a defendant's place of business |

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's Attorney(s) within twenty (20) days after the service of this

summons, exclusive of the day of service (or within 30 days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default for the relief demanded

in the complaint.

Dated: New York, New York
      January 23, 2019

                      **GARVEY SCHUBERT BARER, P.C.**

                By:

                      Andrew J. Goodman, Esq.
                      *Attorneys for Plaintiff*
                      100 Wall Street, 20th Floor
                      New York, New York 10005
                      (212) 965-4534
                      agoodman@gsblaw.com

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 01/24/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| JACOB KASHER HINDLIN, | Index No.: |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| LUCASZ GOTTWALD, LAWRENCE J. SPIELMAN and RENEE KARALIAN, | |
| Defendants. | |

Plaintiff, by his attorneys Garvey Schubert Barer P.C., complains of the Defendants and alleges:

### INTRODUCTION

1.      This is an action arising out of the abuse of their position by the members of the Board of Managers of Core Nutrition LLC ("Core"), a Delaware limited liability company, to divert to themselves at the expense of Plaintiff (and Core's other minority equity holders) a grossly unfair and unreasonable allocation of the consideration obtained in the acquisition of Core by a publicly traded company Keurig Dr. Pepper In. ("KDP") to which they were not entitled, in violation of their fiduciary duties to Plaintiff (and Core's other minority equity holders) and in breach of their contractual obligations of good faith and fair dealing.

### PARTIES

2.      At all times hereinafter mentioned, Plaintiff was, and is, a highly successful writer and producer of contemporary popular music for many major and well-known recording artists.

3.      At all relevant times, Defendant Lucasz Gottwald ("Gottwald") was, and is, a highly successful music industry publisher and producer, controlling companies that enter into long-term agreements with writers and producers, including Plaintiff. Each of these agreements

GSB:9955305.2

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 01/24/2019

requires the writer or producer signing with Gottwald to irrevocably submit to the jurisdiction of the courts in the City, County and State of New York as the sole venue for resolving disputes, as a result of which Gottwald has a substantial and continuous contact with this State. Gottwald, although upon information and belief, not a registered or licensed broker/dealer and not affiliated with one, promotes various securities investments to his stable of writers and producers. Core was one such investment.

4.      At all relevant times, Defendant Lawrence Spielman ("Spielman") was, and is, a certified public accountant with his principal place of business within the City, County and State of New York. Spielman was, and is, Gottwald's business manager, and at Gottwald's urging also serves as business manager for a number of songwriters and producers signed to Gottwald's companies. At Gottwald's urging, Spielman also became Plaintiff's business manager, and served as Plaintiff's business manager from in or about November, 2010 to in or about July, 2018.

5.      While Spielman was business manager for both Plaintiff and Gottwald, he brought to Plaintiff's attention various investments being promoted by Gottwald, and although Spielman is not registered or licensed as an investment advisor or broker/dealer, he repeatedly advised Plaintiff as to the investments being promoted by Gottwald, including Core.

6.      At all relevant times, Defendant Renee Karalian was and is a partner in a law firm with offices in both New York and Los Angeles that provides ongoing and regular corporate and related commercial law services to Gottwald and his entities both in New York and elsewhere. Karalian is one of the attorneys at the firm responsible for providing such legal services to Gottwald and his entities.

7.      Upon information and belief, at all relevant times Gottwald, Spielman and Karalian were members of Core's Board of Managers, and Gottwald was a co-founder and Chief Cultural

2

Officer of Core. The basis of Plaintiff's information and belief is a private placement memorandum issued by Core in or about October, 2015.

### PLAINTIFF'S CORE INVESTMENT

8. In or about June, 2015, Plaintiff learned from Gottwald and/or Spielman that Gottwald was promoting an investment in Core, then a developmental project.

9. In or about February, 2015, on Spielman's advice, Plaintiff agreed to invest $12,000 in Core and received 2,000 units for his investment.

10. In connection with his initial investment, Plaintiff was directed by Spielman to sign a document entitled "Joinder Agreement and Signature Page to Limited Liability Company Agreement of Core Nutrition, LLC" (the "Joinder Agreement").

11. Although the Joinder Agreement states that "the undersigned" certifies that he "has had the opportunity to review a copy of [Core's] Limited Liability Company Agreement," in fact Plaintiff was never afforded such an opportunity and to this day has never seen that Limited Liability Company Agreement, despite his demand that he be provided a copy.

12. Upon information and belief, in or about January, 2017, Gottwald directed Core's president, Paul Nadel, to send Plaintiff a link to a Private Placement Memorandum for Core's then ongoing fundraising.

13. Again relying on Spielman's recommendation, Plaintiff agreed to purchase another 2,000 Core units, this time for $120,000.

14. Gottwald sent Spielman an email dated February 16, 2017 with instructions to tell Plaintiff that he must fund his investment immediately. Upon information and belief, this email was intended to spur Plaintiff's investment of $120,000 in Core.

3

NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 01/24/2019

## THE KDP ACQUISITION

15.     On or about October 1, 2018, Plaintiff received notice from Core that it had entered into an Agreement with KDP for the latter to acquire Core (the "KDP Acquisition") for an enterprise value of $525,000,000 payable with a combination of cash and KDP shares (to be registered at time of closing to permit public sale), subject to adjustments.

16.     The KDP Acquisition closed on or about November 30, 2018 for an adjusted aggregate transaction value of $449,462,907.

17.     Plaintiff's Core K-1 for 2017 showed that Plaintiff owned approximately .613% of Core's capital at year end 2017.  Applying that percentage to the aggregate transaction value, Plaintiff should have received $2,755,207 in cash and stock on the closing of the KDP Acquisition.

18.     On the actual closing, however, Plaintiff was advised that he was entitled to closing consideration of only $393,582.89, leaving an unaccounted balance of $2,361,624.73.

19.     Even to obtain this reduced amount, Plaintiff was required to sign a general release, which he declines to do.

## CORE'S VARIOUS EXPLANATIONS FAIL

20.     Of course, Plaintiff sought an explanation from Core for this gross disparity.

21.     One reason provided by Core seems actually to be an admission of improper dilution of minority equity holders by excessive and wholly unparticularized so-called "Incentive Units," constituting approximately 18% of the Core units exchanged for KDP shares, or in excess of $80,000,000.  Yet, and despite Plaintiff's request for this information, Core has refused to identify the recipients of "Incentive Units", the date that the Units were issued, the documents and corporate actions authorizing the issuance of the "Incentive Units" or the basis on which Core determined how many "Incentive Units" to issue to each recipient.

4

22. A similarly large allocation of acquisition consideration – 2,926,755 KDP shares – went to Spielman individually and to entities which he controlled. The amendment to the registration statement filed with the United States Securities and Exchange Commission ("SEC") reflect a maximum contemplated per share transaction value of $26.43; and dividing the transaction consideration Core allocated to Plaintiff by the number of shares he received results in a $26.36 per share transaction value. Even at a flat $26 per share, the transaction consideration to Spielman was over $76,095,630.

23. Plaintiff has repeatedly asked Spielman and his firm to account to him for, *inter alia*, the Core transactions. Spielman has repeatedly failed and refused to do so, and a special proceeding to compel his accounting is presently *sub judice* in this court *sub nom Jacob Kasher Hindlin v. Lawrence J. Spielman et ano.*, index no. 158642-2018.

24. Thus, just Incentive Units and Spielman soaked up well more than a third of the acquisition consideration.

25. Financial information received from Core further demonstrates the existence of other improperly dilutive units.

    A. Plaintiff invested $12,000 in 2014 for 2,000 units, and $120,000 for an additional 2,000 units in 2017. Accordingly, the cost per unit to Plaintiff in 2017 was $60. As reflected in the information Core provided, excluding Incentive Units, 3,428,777 total units were issued and outstanding at the end of 2016; 3,700,606 at the end of 2017; meaning that 271,829 units (excluding Incentive Units) were issued in 2017. At $60/unit, that should have resulted in $16,309,740 in new capital to supplement the $8,363,316 year end 2016 capital, which means total 2017 capital availability of

5

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 01/24/2019

$24,673,056. There was $1,441,971 of capital at year end 2017, so that at $60/unit, Core would have had to have burned through $23,231,085 of capital in 2017.

B.    However, it appears that Core's capital losses were far less. Plaintiff's allocated GAAP Book Loss was $112,644. Applying Plaintiff's .613% capital share, it appears that the total capital loss was $18,375,856, leaving an unaccounted balance of $4,855,228. The difference must be even greater given non-cash GAAP items such as depreciation and amortization.

It is thus apparent that Core issued a number of dilutive units, exclusive of Incentive Units, at much less than $60/unit.

26.    Core also argued in pre-litigation correspondence that Plaintiff's percentage of unit ownership rather than capital percentage governs. But that begs the question as to why Plaintiff's percentage of membership ownership is so far diluted below his capital percentage.

27.    As to be expected, when Plaintiff first invested, his capital and unit ownership percentage were about equal. In each subsequent year through 2016, his percentage membership interest was 3 to 4 times greater than his percentage capital interest. By the end of 2017 – and despite having invested another $120,000 – for the first time his percentage membership interest was less, indeed far less, than – only about 15% of – his percentage capital interest. This hardly seems coincidental given the timing of the KDP transaction.

28.    The analysis in paragraphs 25 through 27 above was brought to the attention of Core's counsel by letter dated December 18, 2018, which asked for further information. Rather than providing any further information, counsel responded by letter dated December 20, 2018 accusing Plaintiff's counsel of harassment and rattling the sanctions saber.

6

NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 01/24/2019

29.   This action, of necessity, follows.

## FIRST CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

30.   Plaintiff repeats and realleges paragraphs 1 through 29 above as if fully set forth at length herein.

30.   Core's Board of Managers, including but not limited to Defendants, had an obligation to perform their duties and responsibilities under the Limited Liability Company Agreement in good faith towards, and fair dealing with, all Core members, including Plaintiff (and all minority members).

31.   Core's Board of Managers, including but not limited to Defendants, failed to discharge their responsibilities in good faith and dealt unfairly with Plaintiff (and all minority members) by acting in such a way as to grossly dilute minority membership in favor of Core insiders including specifically Spielman and, on information and belief, Gottwald as a co-founder of Core.

31.   By reason of the foregoing, Plaintiff has been damaged in the sum of $2,755,207.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)

32.   Plaintiff repeats and realleges paragraphs 1 through 29 above as if fully set forth at length herein.

33.   The members of Core's Board of Managers, including but not limited to Defendants, had a fiduciary duty to all of Core's members, including minority members, to not act to favor themselves at the expense of the best interest of all members.

7

34.     By acting in such a way as to grossly dilute minority membership in favor of Core insiders including specifically Spielman and, on information and belief, Gottwald as a co-founder of Core, the members of the Core Board of Managers, including Defendants, breached that fiduciary duty.

35.     Upon information and belief, Defendants acted intentionally, willfully and maliciously to enrich themselves at the expense of Core's other members.

36.     By reason of the foregoing, Plaintiff has been damaged in the sum of $2,755,207 and is entitled to punitive damages.

WHEREFORE Plaintiff Jacob Kasher Hindlin respectfully requests that judgment be entered jointly and severally against Defendants Lucasz Gottwald, Lawrence Spielman and Renee Karalian:

A.     On the first cause of action, for actual damages in the sum of $2,755,207 with interest thereon from November 30, 2018;

B.     On the second cause of action, for actual damages in the sum of $2,755,207 with interest thereon from November 30, 2018 and punitive damages of $5,000,000;

C.     For the costs and disbursements of this action, including reasonable attorneys' fees; and

D.     For such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
       January 23, 2019

8

NYSCEF DOC. NO. 1                                                                    RECEIVED NYSCEF: 01/24/2019

GARVEY SCHUBERT BARER, P.C.

By:

Andrew J. Goodman, Esq.
*Attorneys for Plaintiff Jacob Kasher Hindlin*
100 Wall Street, 20th Floor
New York, New York 10005
(212) 965-4534
agoodman@gsblaw.com

Electronically FILED by Superior Court of California, County of Los Angeles on 05/28/2019 01:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk **CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MITCHELL SILBERBERG & KNUPP LLP<br>JEAN PIERRE NOGUES (SBN 84445) jpn@msk.com<br>2049 Century Park East, 18th Floor<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 312-2000 FAX NO.: (310) 312-3100<br>ATTORNEY FOR *(Name):* Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: LUKASZ GOTTWALD and RENEE KARALIAN vs. LIBERTY INSURANCE UNDERWRITERS, INC., et al.,

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☒ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify):* 3—Declaratory Relief, Breach of Contract, Insurance Bad Faith
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 28, 2019

Jean Pierre Nogues
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other
Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE:<br>GOTTWALD vs. LIBERTY INSURANCE UNDERWRITERS, INC. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | Column A | Column B | Column C |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**



American LegalNet, Inc.<br>www.FormsWorkFlow.com

| SHORT TITLE: GOTTWALD vs. LIBERTY INSURANCE UNDERWRITERS, INC. | | CASE NUMBER |
|---|---|---|

| A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☒ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels _____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | ☐ A6032 Quiet Title | 2, 6 |
| | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE:<br>GOTTWALD vs. LIBERTY INSURANCE UNDERWRITERS, INC. | CASE NUMBER | |
|---|---|---|

| | | | |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |



**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.3<br>Page 3 of 4



American LegalNet, Inc.<br>www.FormsWorkFlow.com

| SHORT TITLE:<br>GOTTWALD vs. LIBERTY INSURANCE UNDERWRITERS, INC. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:**<br>☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | **ADDRESS:**<br>1222 East Grand Avenue, #102 |
|---|---|
| **CITY:** El Segundo | **STATE:** CA | **ZIP CODE:** 90245 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___May 28, 2019___

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.



American LegalNet, Inc.<br>www.FormsWorkFlow.com

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/28/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Romunda Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19STCV18364 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Ruth Ann Kwan | 72 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 05/28/2019
   (Date)

By Romunda Clifton _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**

**Association of Business Trial Lawyers**

**California Employment Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under *"Civil"* and then under *"General Information"*).

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
     (INSERT DATE)                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under *"Civil"*, click on *"General Information"*, then click on *"Voluntary Efficient Litigation Stipulations"*.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                 FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk s File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____  ⋗ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

_____  ⋗ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ⋗ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ⋗ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ⋗ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

_____  ⋗ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

_____  ⋗ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____            _____
                                        JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control with the parties:** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**a.  The Civil Mediation Vendor Resource List**

Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager (213) 253-9776  mdawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager: (833) 476-9145  info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.

Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.

NOTE: This service is not available for family law, probate or small claims.

**b.  Los Angeles County Dispute Resolution Programs**

https://wdacs.lacounty.gov/programs/drp/

- Free, day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

**c.  Mediators and ADR and Bar organizations that provide mediation may be found on the Internet.**

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website:  www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

   a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i) Depositions;

      ii) Declarations;

      iii) Exhibits (including exhibits to declarations);

      iv) Transcripts (including excerpts within transcripts);

      v) Points and Authorities;

      vi) Citations; and

      vii) Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

      Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

   g) Multiple Documents

      Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) **PRINTED COURTESY COPIES**

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) **WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS**

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

2019-GEN-014-00

11) **SIGNATURES ON ELECTRONIC FILING**

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

---

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**  19STCV18364

LUKASZ GOTTWALD, ET AL. VS LIBERTY INSURANCE UNDERWRITERS, INC., ET AL.

**Filing Courthouse:**  Stanley Mosk Courthouse

**Filing Date:** 05/28/2019
**Case Type:**  Insurance Coverage (not complex) (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

None

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

DOES 1-30 - Defendant

GOTTWALD LUKASZ - Plaintiff

IRONSHORE INSURANCE SERVICES LLC - Defendant

KARALIAN RENEE - Plaintiff

LIBERTY INSURANCE UNDERWRITERS INC. - Defendant

NOGUES JEAN PIERRE JR. - Attorney for Plaintiff

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)
**06/07/2019** Proof of Personal Service
Filed by Lukasz Gottwald (Plaintiff); Renee Karalian (Plaintiff)

**06/07/2019** Proof of Personal Service
Filed by Lukasz Gottwald (Plaintiff); Renee Karalian (Plaintiff)

**05/28/2019** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**05/28/2019** Civil Case Cover Sheet
Filed by Lukasz Gottwald (Plaintiff); Renee Karalian (Plaintiff)

**05/28/2019** Summons (on Complaint)
Filed by Lukasz Gottwald (Plaintiff); Renee Karalian (Plaintiff)

**05/28/2019** Complaint
Filed by Lukasz Gottwald (Plaintiff); Renee Karalian (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**

None

## REGISTER OF ACTIONS

Case Information | Register of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Register of Actions (Listed in descending order)**

**06/07/2019** Proof of Personal Service
Filed by Lukasz Gottwald (Plaintiff); Renee Karalian (Plaintiff)

**06/07/2019** Proof of Personal Service
Filed by Lukasz Gottwald (Plaintiff); Renee Karalian (Plaintiff)

**05/28/2019** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**05/28/2019** Summons (on Complaint)
Filed by Lukasz Gottwald (Plaintiff); Renee Karalian (Plaintiff)

**05/28/2019** Complaint
Filed by Lukasz Gottwald (Plaintiff); Renee Karalian (Plaintiff)

**05/28/2019** Civil Case Cover Sheet
Filed by Lukasz Gottwald (Plaintiff); Renee Karalian (Plaintiff)